UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL CHARLES TAYLOR,

Defendant.

Case No. 3:26-cr-104-DCN-DKG

**REPORT AND RECOMMENDATION**

On August 19, 2026, Defendant MICHAEL CHARLES TAYLOR appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a notice of intent to plead guilty. The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by any agreement of the parties as to the penalty to be imposed.

Having conducted the change of plea hearing and having inquired of the Defendant, defense counsel, and counsel for the government, the Court finds there is a factual basis for the Defendant's guilty plea, that it was entered voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

Further, having carefully considered the arguments of counsel and the evidence presented during the hearing as well as the entire record, the Court finds that clear and convincing evidence does not exist that the Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released and, therefore, the Defendant shall be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(1).

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1) The District Court accept Defendant MICHAEL CHARLES TAYLOR's plea of guilty to Count One of the Indictment (Dkt. 2).

2) The District Court detain Defendant pending sentencing.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: August 19, 2026

DEBORA K. GRASHAM
U.S. MAGISTRATE JUDGE